# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| WARREN RAYVON SANDERS, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Petitioner, | ) | **AND RECOMMENDATION** |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | 1:07CV617 |
| | ) | 1:04CR261-1 |
| Respondent. | ) | |

Petitioner Warren Rayvon Sanders, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 43.)[1] Petitioner has also filed a "PETITION FOR REQUEST TO BE HEARD Sua-Sponte" (Docket No. 45) and a "Request to Supplement or Amend 28 U.S.C. § 2255 motion" (Docket No. 54). These are both motions to add claims to his § 2255 motion. The Court will allow those amendments and consider the claims raised on their merits.

Petitioner was indicted on charges of distribution of 126 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and distribution of 70.8 grams of cocaine base in violation of the same statute. (Docket No. 1.) Petitioner later pled guilty to the 126 gram charge, with the other count being dismissed.

---

[1]This and all further cites to the record are to the criminal case.

(Docket No. 14, 15.) He was then sentenced to 262 months of imprisonment. (Docket No. 23.)

Petitioner did file a direct appeal, but that appeal was denied. (Docket Nos. 38, 39.) Petitioner next filed his motion under § 2255. Respondent has responded by seeking to have the motion denied (Docket No. 55) and Petitioner has filed a reply (Docket No. 59). Petitioner's motion is now before the Court for a decision.

## DISCUSSION

### Claim One

Petitioner's first claim for relief is that the sentencing judge failed to comply with the procedural requirements of 21 U.S.C. § 851(b) by not asking him after conviction, but before sentencing, whether he denied or admitted that he had a prior conviction as alleged in an information to establish prior conviction filed under 21 U.S.C. §§ 850 and 851(a)(1). (Docket No. 8.) Petitioner also claims the sentencing judge did not advise him that he needed to attack the prior conviction at that time or waive the right to do so later.

Respondent concedes that the sentencing judge did not follow the letter of the procedural dictates of § 851(b). However, any such omissions can be subjected to plain error analysis even on direct appeal. *United States v. Beasley*, 495 F.3d 142, 148 (4th Cir. 2007), *cert. denied*, ___ U.S. ___, 76 U.S.L.W. 3226, 76 U.S.L.W. 3467, 76 U.S.L.W. 3469, 2008 WL 552907 (Mar. 3, 2008). The purpose of the § 851 colloquy is to make sure that a defendant has notice that his sentence will be

enhanced and to allow him to attack the validity of the prior conviction, if such an attack is possible. Here, Petitioner obviously had notice of the potential enhancement based on the fact that the information was filed prior to his guilty plea. In fact, the effect of the enhancement is referred to in his plea agreement. (Docket No. 15 ¶ 2(a).) More importantly, Petitioner could not attack the validity of the prior conviction relied on by the information. A defendant cannot challenge the validity of a conviction if the conviction occurred more than five years prior to the date of the information. 21 U.S.C. § 851(e). Here, the information was dated July 14, 2004. The conviction was alleged to have occurred on February 2, 1995, more than nine years before the information. Petitioner had no ability to challenge the conviction. Therefore, the sentencing judge's failure to advise him of a nonexistent right was not plain or harmful error, if it was error at all.[2] *United States v. Hill*, 142 F.3d 305, 313 (6th Cir. 1998)(harmless error where convictions predated information by more than five years). Petitioner's first claim for relief should be denied.

## Claim Two

Petitioner's second claim for relief alleges that his attorney provided him with ineffective assistance of counsel by not investigating the validity of the conviction contained in the § 851 information. In order to prove ineffective assistance of

---

[2] It is also entirely possible that the inability of Petitioner to challenge the conviction due to the statute of limitations was the reason that the § 851 colloquy did not occur. It would confuse matters to tell a defendant that he had a right to challenge a conviction only to then tell him that he did not have that right because too much time had passed.

-3-

counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), *abrog'n on other grounds recog'd*, *Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing deficient performance. *See Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994). To show prejudice following a guilty plea, a petitioner must establish that there is a reasonable probability that but for counsel's allegedly deficient conduct, he would have not pled guilty but would have gone to trial. *Hill v. Lockhart*, 474 U.S. 52 (1985).

Obviously, any failure to investigate the validity of the conviction in the information, could not have prejudiced Petitioner. Petitioner had no right to challenge the validity of the conviction under § 851. This claim fails and should be denied.

### Claims Three and Four and Supplement/Amendment

Petitioner's third and fourth claims for relief are also based on allegations of ineffective assistance of counsel. In addition to the enhancement that resulted from the information of prior conviction, Petitioner was also sentenced as a career

-4-

offender based on three prior felony drug convictions. In his third and fourth claims and his to supplement or amend, Petitioner argues that his attorney failed him by not properly investigating the validity of these convictions.

Petitioner's career offender status was based on three separate felony drug convictions listed in the Presentence Report (PSR). The convictions were for (1) felonious possession of cocaine with intent to sell and deliver and felonious sale of cocaine, which were consolidated for judgment in case 94CRS16504 (PSR ¶ 22), (2) felonious possession of cocaine with intent to sell and deliver, felonious sale of cocaine, and felonious conspiracy to sell and deliver cocaine in cases 96CRS8531 and 8532, which were consolidated for judgment (PSR ¶ 28), and (3) felonious maintaining a dwelling with a controlled substance, misdemeanor possession of marijuana, felonious possession with intent to sell and deliver marijuana, and misdemeanor assault on a government official in cases 98CRS480-82 and 98CRS491, which were consolidated for judgment (PSR ¶ 30). If any two of these convictions were valid, Petitioner was properly qualified as a career offender under the USSG § 4B1.1.

Petitioner's third claim for relief challenges his conviction in 96CRS8531 and 8532. He states that the transcripts of his state court guilty plea show that he was not advised of his right to confront the witnesses against him when pleading guilty. In support of this claim, Petitioner has provided copies of the state court transcripts. They indicate that he was placed under oath and affirmatively stated that he

-5-

Case 1:04-cr-00261-TDS   Document 61   Filed 03/24/08   Page 5 of 12

understood his right to remain silent, that he had talked to his attorney about the case, that he was satisfied with his attorney's services, that he understood the charges to which he was pleading guilty and the possible penalties, and that he knew he had a right to plead not guilty and be tried by a jury. (Docket No. 43, Brf., Ex. B. at 3-4.) He stated that he still wished to plead guilty. He also admitted through his attorney that he had violated his probation in case 94CRS16504. (*Id.* at 6.) Petitioner was not specifically advised of his right to confront the witnesses against him.

Despite being factually correct as to his allegation that he was not advised of his right to confront witnesses, Petitioner does not prevail. The right to challenge a state court conviction at a federal sentencing hearing is extremely limited. A sentencing judge does not even need to hear an attack on a state court conviction except "when prejudice can be presumed from the alleged constitutional violation, regardless of the facts of the particular case; and when the right asserted is so fundamental that its violation would undercut confidence in the guilt of the defendant." *United States v. Custis*, 988 F.2d 1355, 1362 (4th Cir. 1993), *aff'd* 511 U.S. 485 (1994). Petitioner's submission does not meet this standard. As was stated long ago by the Fourth Circuit Court of Appeals, the Constitution does not require that every right being waived be enumerated specifically to a defendant in order for a guilty plea to be valid. *Wade v. Coiner*, 468 F.2d 1059 (4th Cir. 1972). A defendant must simply understand the nature of the charge and the consequences

of his plea. It is clear from the transcript Petitioner has provided that he did understand the charges and the consequences of his plea. In the end, nothing would have compelled the sentencing judge to hear Petitioner's collateral attack on his prior conviction, and, if he had, the attack would have failed in any event. Petitioner's attorney did not err by failing to challenge Petitioner's conviction in 96CRS8531 and 8532 and Petitioner was not prejudiced in anyway by the failure to raise this meritless argument. His third claim for relief fails.

Petitioner's fourth claim for relief is even weaker than his third. In it, he faults his attorney for failing to challenge his conviction in cases 98CRS480-82 and 98CRS491. Petitioner claims that this conviction could not support his status as a career offender because he received less than a year in prison on those charges. The PSR clearly shows that Petitioner received only five to six months of imprisonment and that this sentence was suspended. Petitioner uses this fact to argue that this consolidated conviction is not a felony conviction because he was sentenced to less than a year in prison. Again, Petitioner's factual premise for his claim is correct, but is also irrelevant.

Whether an offense is a felony or not for purposes of USSG § 4B1.1 does not turn on the actual sentence given, but on the maximum possible penalty for the crime. That section draws its definition of felony convictions from USSG § 4B1.2. USSG § 4B1.1, comment. (n.1). A "prior felony conviction" is "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term

exceeding one year, regardless of whether such offense is specifically designated a felony and regardless of the actual sentence imposed." USSG § 4B1.2, comment. (n.1) . Therefore, the fact that Petitioner did not receive a year in prison or that his sentence was suspended does not matter. What matters is that he could have received more than a year in prison, a fact that even he concedes in his brief. (Docket No. 43, Brf. at 15.) Petitioner's attorney did not err in not challenging this conviction, and Petitioner could not have been prejudiced by the failure to challenge it.

The Court notes that Petitioner has not directly challenged the validity of his conviction in case 94CRS16504 as part of his arguments on his status as a career offender. However, he does challenge it in conjunction with his § 851 claims. To the extent that Petitioner's pleadings could be read to also challenge that conviction as used to establish Petitioner's career offender status, they do not have merit. His claim is that his attorney did not investigate the validity of the conviction, but that, if he had, he would have discovered that there were no transcripts of the guilty plea in that case.

It is not immediately clear how the fact that there were no transcripts would have helped Petitioner. This appears to be another claim that he was not properly advised of his rights in state court. However, the burden would have been on Petitioner to establish the invalidity of his conviction at sentencing, and the absence of any transcripts would have made this difficult to do. *See Custis*, *supra.* This is

especially true given that there is no indication that he previously tried to challenge the conviction in state or federal court. This was so even when he violated his probation and was sentenced for that violation as part of his later convictions in 96CRS8531 and 8532. He simply admitted to the violation without protesting the prior conviction. These failures to previously challenge the conviction would have weighed against Petitioner if an objection had been raised. *Custis*, 988 F.2d at 1361-62.

Even ignoring the problem of the nonexistent transcripts, Petitioner still had two other felony drug convictions as discussed above. Therefore, he would still have been a career offender even if he had successfully been able challenge his conviction in 94CRS16504. His attorney's failure to challenge that conviction did not prejudice him in any way.

Finally, Petitioner also appears to raise an ineffective assistance claim related to his prior convictions in his request to supplement or amend his § 2255 motion. In that document, he claims that his attorney failed him by not investigating "two prior conviction [sic] that were formally consolidated for sentencing purposes." (Docket No. 54.) The meaning of this claim is murky at best. A review of the three convictions used to establish Petitioner's status as a career offender reveals that they are all products of multiple charges being consolidated for judgment. However, none of the three groups of offenses were consolidated with each other, so no problem is apparent. Petitioner obtained three separate drug felony convictions on

-9-

Case 1:04-cr-00261-TDS   Document 61   Filed 03/24/08   Page 9 of 12

three very separate occasions. The claim raised in Petitioner's request to supplement or amend his § 2255 motion should be denied.

## Claim Five

Petitioner's fifth claim for relief is that the "100-to-1" crack-to-powder cocaine sentencing disparity is unreasonable and unconstitutionally discriminates against African-American defendants. This claim fails for two reasons. First, Petitioner's plea agreement waived his right to raise post-conviction claims except in narrow circumstances not present with this claim. (Docket No. 15 ¶ 5(e).) Such waivers are valid absent a showing that the waiver was not knowing or voluntary. *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). Petitioner has not made such a showing here. Further, even if the Court were to consider Petitioner's claim on the merits, he would still not prevail. He was not sentenced based on the amount of cocaine base involved in the case. He was sentenced as a career offender. Therefore, his crack versus powder argument is inapposite. The claim should be denied.

## "Request to be Heard Sua-Sponte"

Petitioner's only remaining claim is the one he raises in his "Request to Proceed Sua-Sponte." The Request is actually a challenge to the Court's jurisdiction in the case based on the fact that Petitioner was not charged or arrested prior to being indicted. The claim is based on nothing more than confusion.

-10-

Petitioner cites to "Federal Rules of Criminal Procedures Rule 7(1)" as saying that an indictment must be a plain and concise written statement of the facts constituting the offense charged.[3] Petitioner concludes that his indictment cannot have been proper because no offense had been charged prior to the indictment. Petitioner fails to understand that the indictment in this case is not based on prior charges, but instead *is* the charges that were presented to the grand jury and approved by that body. No error occurred.

Petitioner also cites "Federal Rules of Criminal Procedures, Rule 6(f)" as saying an indictment must be returned within thirty days of an arrest or summons.[4] He notes that he was not arrested or summonsed prior to indictment and concludes that his indictment must, therefore, be invalid. Petitioner is again incorrect. The requirement to which he refers applies only where a defendant is arrested on a complaint or is summonsed to court prior to an indictment. It is also entirely proper to indict a person who has not yet been arrested or summonsed. The Court has jurisdiction over this case. Petitioner's final claim for relief should be denied.

**IT IS THEREFORE ORDERED** that Petitioner's "PETITION FOR REQUEST TO BE HEARD Sua-Sponte" (Docket No. 45) and "Request to Supplement or

---

[3] This requirement is actually found in Fed. R. Crim. P. 7(c)(1).

[4] Fed. R. Crim P. 6(f) currently has nothing to do with the requirement cited by Petitioner. It deals with grand jury procedures. Instead, the requirement he cites is found in 18 U.S.C § 3161(b).

-11-

Amend 28 U.S.C. § 2255 motion" (Docket No. 54) are granted to the extent that they seek to add claims to Petitioner's original § 2255 motion.

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (Docket No. 43), as amended and supplemented, be **DENIED** and that Judgment be entered dismissing this action.

_____
Wallace W. Dixon
United States Magistrate Judge

March 24, 2008